**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BRANDON M. JEFFERSON,

    Petitioner,

vs.

STATE OF NEVADA, *et al.*,

    Respondents.

3:18-cv-00064-HDM-VPC

**ORDER**

This a habeas corpus proceeding pursuant to 28 U.S.C. § 2254 brought by Brandon M. Jefferson, a Nevada prisoner. Jefferson has filed a habeas petition and paid the required fee. ECF No. 1. The court has reviewed the petition pursuant to Habeas Rule 4, and shall direct the Clerk to serve the petition upon the respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2244(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

In addition, petitioner has filed a motion for the appointment of counsel. ECF No. 2. Pursuant

to 18 U.S.C. §3006A(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555(1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The petition on file in this action is sufficiently clear in presenting the issues that petitioner wishes to bring. Also, the issues in this case are not particularly complex. It does not appear that appointment of counsel is warranted in this instance. Petitioner's motion for the appointment of counsel is denied.

**IT THEREFORE IS ORDERED** that the Clerk of the Court shall ELECTRONICALLY SERVE the petition (ECF No. 1) and a copy of this order on the respondents.

**IT IS FURTHER ORDERED** that the Clerk shall add Adam Paul Laxalt, Attorney General of the State of Nevada, as counsel for respondents.

**IT IS FURTHER ORDERED** that respondents shall have 60 days from the date of entry of this order to appear in this action, and to answer or otherwise respond to the petition.

**IT IS FURTHER ORDERED** that if respondents file an answer, petitioner shall have 60 days from the date on which the answer is served on him to file and serve a reply. If respondents file a motion to dismiss, petitioner shall have 60 days from the date on which the motion is served on him to file and serve a response to the motion to dismiss, and respondents shall, thereafter, have 30 days to file a reply in support of the motion.

**IT FURTHER IS ORDERED** that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits

by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded – for this case – to the staff attorneys in **Reno**.

**IT FURTHER IS ORDERED** that petitioner's motion for appointment of counsel (ECF No. 2) is DENIED.

Dated this  27th   day of February, 2018.

*Howard D. McKibben*
UNITED STATES DISTRICT JUDGE