UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRANDON M. JEFFERSON,<br><br>Petitioner,<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>Respondents. | Case No. 2:18-cv-00064-HDM-CBC<br><br>ORDER |

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Brandon M. Jefferson. On July 20, 2018, respondents filed a motion to dismiss Jefferson's habeas petition (ECF No. 1) arguing that the petition improperly incorporates claims not included or attached to the petition and that the petition includes claims that are unexhausted. ECF No. 16. In response, Jefferson filed both an opposition to the motion to dismiss (ECF No. 21) and a motion requesting an exhaustion stay (ECF No. 25). For reasons that follow, the court will grant the motion for a stay and deny the motion to dismiss as moot.

I. *The exhaustion requirement.*

Respondents argue Jefferson has failed to fully exhaust state court remedies for Grounds 1, 3, 4, and 5 of his federal habeas petition. A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy,* 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v.*

1

*Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir.1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988).

II. *Exhaustion analysis of petitioner's claims.*

In Ground 1, Jefferson alleges he was deprived of his Sixth Amendment right to counsel at a critical stage of his criminal proceedings, namely, at the hearing on his motion to dismiss counsel and appoint alternate counsel. ECF No. 1, pp. 8, 20. In his direct appeal, Jefferson argued the trial court erred in denying the motion. ECF No. 19-9, p. 67-68; ECF No. 19-21, p. 16. In his state habeas proceeding, he argued the trial court erred by finding that his trial counsel and appellate counsel "did not actively represent conflicting interests that adversely affected counsel's performance." ECF No. 20-13, p. 14-29; ECF No. 20-16.

Thus, Ground 1 is based on a different legal theory than the claims Jefferson presented to the state courts. In fact, he concedes as much in his petition. *See* ECF No. 1, p. 20 ("[The claim] is based on the same facts in the original pleading and only changes the legal theory."). Accordingly, Ground 1 is unexhausted. *See Rose v. Palmateer*, 395 F.3d 1108, 1112 (9th Cir. 2005) (holding that an ineffectiveness claim predicated on counsel's failure to challenge the constitutionality of a confession does not exhaust underlying claim that post-arrest statements were unconstitutionally obtained).

Grounds 3 and 4 each raise ineffective assistance of counsel (IAC) claims. In Ground 3, Jefferson alleges he was deprived of effective assistance of trial and appellate counsel because counsel failed to assert a Fourth Amendment violation in relation to his arrest. ECF No. 1, pp. 11, 30. In Ground 4, he claims his trial and appellate counsel were ineffective by not arguing a violation of *Michigan v. Mosley*, 423 U.S. 96 (1975), in relation to the admission of statements made after he told police "that's all I can say." *Id.*, pp. 13, 36.

In Nevada, IAC claims "are properly raised for the first time in a timely first post-conviction petition." *See Pellegrini v. State*, 34 P.3d 519, 534 (Nev. 2001). In Jefferson's state post-conviction proceeding, neither Ground 3 nor Ground 4 were included in his counsel's arguments to the Nevada Supreme Court on appeal. ECF No. 20-13. Jefferson did raise the arguments in brief he filed pro se. ECF No. 20, pp. 15-21, 24-28. By rule, however, the state appellate court considered only the claims presented in the brief filed by counsel. *See* Nev. R. App. P. 46A; ECF No. 20-16. In addition, it does not appear that the claims were presented to the state district court in either petitioner's initial petition for writ of habeas corpus (ECF No. 19-23) or the supplemental petition filed by his appointed counsel (ECF No. 19-29). *See Davis v. State*, 817 P.2d 1169, 1173 (Nev. 1991) (ground not presented to or considered by district court in post-conviction proceeding need not be considered by the appellate court). Thus, Jefferson did not fairly present the claims for exhaustion purposes. *See Roettgen v. Copeland*, 33

3

F.3d 36, 38 (9th Cir. 1994) ("Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation.") (citation omitted).

In Ground 5, Jefferson alleges he was deprived of his constitutional right to a fair trial. ECF No. 1, pp. 17, 45. In support of the claim, Jefferson claims the victim's initial testimony at trial exculpated him but the trial court allowed the prosecutor to repeat questions to the victim until she testified favorably for the prosecution. He also contends the prosecutor made several references to a statement the victim made to the police that the trial court had suppressed. He further alleges that exculpatory information about which a police detective testified at an evidentiary hearing was omitted from the arrest report and not presented to the jury.

In his direct appeal, Jefferson argued the State presented insufficient evidence to prove the crimes charged beyond a reasonable doubt. ECF No. 19-9, p. 55-61. Rather than citing the issues described above, however, he pointed to inconsistencies in the testimony of the State's witnesses, a lack of physical evidence, and the unreliability of his confession. In his state habeas proceeding, no claim resembling Ground 1 was included in his counsel's arguments to the Nevada Supreme Court on appeal. ECF No. 20-13. Jefferson's pro se brief contained a similar claim (ECF No. 20, p. 29-32), but as noted, was not an adequate means of satisfying the exhaustion requirement.

Based on the foregoing, the court concludes that Grounds 1, 3, 4, and 5 remain unexhausted.[1]

III. *Petitioner's motion for a stay.*

With his motion for a stay, Jefferson asks the court to stay proceedings in this case and hold them in abeyance while he returns to state court to exhaust his claims. ECF No. 25. The Supreme Court has condoned the "stay and abeyance" procedure,

---

[1] The court agrees that Jefferson's attempt to incorporate into his petition "all grounds and arguments that relate back to the direct appeal following conviction, his original pro se petition for writ of habeas corpus..., and supplemental writ of habeas corpus" is improper and will be disregarded. *See* LSR 3-3; Rule 2(c) of the Rules Governing Habeas Corpus Cases Under Section 2254.

4

under limited circumstances, when a pending habeas petition contains unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). *Rhines* allows habeas petitioners to preserve unexhausted claims for review notwithstanding the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Id.* at 275. A stay is appropriate only when the court determines (1) "there was good cause for the petitioner's failure to exhaust his claims first in state court," (2) the unexhausted claims are not "plainly meritless," and (3) there is no indication the petitioner "engaged in intentionally dilatory litigation tactics." *Id.* at 277-78. With respect to the good cause for failure to exhaust requirement, the court must consider whether petitioner has "set forth a reasonable excuse, supported by sufficient evidence, to justify that failure." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

Jefferson argues good cause for his failure to exhaust exists because "he properly insisted on preserving and presenting" his claims to the Nevada Supreme Court, but his state habeas counsel presented "incomplete arguments." ECF No. 25, p. 3. In *Blake*, the court held that ineffective assistance of post-conviction counsel can be good cause for a *Rhines* stay. *Blake*, 745 F.3d at 983-84. The court noted that the Supreme Court in *Martinez v. Ryan*, 566 U.S. 1 (2012), had held that "IAC by state post-conviction counsel 'at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.'" *Id.* (quoting *Martinez*, 566 U.S. at 9). The *Blake* court reasoned that *Rhines*'s good cause standard "cannot be any more demanding than a showing of cause under *Martinez*." Id.

Respondents argue that *Blake* does not assist Jefferson because Jefferson's good cause argument focuses on the omissions of state post-conviction counsel on appeal. Respondents note that the holding in *Blake*, given its reliance on *Martinez*, extends only to ineffective assistance of counsel in "initial-review collateral proceedings" and "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings." *Martinez*, 566 U.S. at 16. As noted, however, the IAC claims in Grounds 3 and 4 were not properly raised in the lower court either. In

addition, *Blake* does not *limit* what may amount to good cause (i.e., a "reasonable excuse") for failure to exhaust. The court merely held that a showing good cause that meets the *Martinez* standard will, perforce, also meet the *Rhines* standard. *See Blake*, 745 F.3d at 984 ("In sum, we hold that the *Rhines* standard for IAC-based cause is not any more demanding than the cause standard articulated in *Martinez*.").

Here, Jefferson's initial pro se petition for writ of habeas corpus in the state district court included IAC claims, but not the claim now advanced as Grounds 3 or Ground 4. ECF No. 19-23. The supplemental petition filed by appointed counsel focused on the alleged conflict of interest between Jefferson and his trial and appellate counsel and made only brief reference to the IAC claims Jefferson raised in his pro se petition. ECF No. 19-29. About three months after the supplemental petition was filed, Jefferson sent a letter and payment to the state district court clerk requesting a copy. ECF No. 33, p. 16. The petition was denied shortly thereafter. ECF No. 19-32.

The pro se opening brief Jefferson filed on July 7, 2016, in the Nevada Supreme Court included the claims now advanced as Grounds 3 and 4. ECF No.20. He sent a letter to the Nevada Supreme Court in late-March 2017, complaining that, despite the court's remand in August 2016 for the purpose of appointing counsel, he had "not heard from any attorney or the respondent about this appeal." ECF No. 30, p. 18. At that point, his appointed counsel had already filed an opening brief, and the State had filed an answering brief. ECF Nos. 20-13 and 20-14. Thus, it appears appointed counsel did notify or consult with Jefferson regarding the issues to be presented in the district court or on appeal.

Given the foregoing circumstances, Jefferson has a reasonable excuse, supported by sufficient evidence, for his failure to exhaust unexhausted claims. This is not a matter of petitioner claiming only that he was "under the impression" that his counsel had exhausted the relevant claims. See *Wooten v. Kirkland*, 540 F.3d 1019, 1024 n. 2 (9th Cir.2008) (finding petitioner's alleged ignorance of failure to exhaust unjustified because counsel had mailed him a copy of his state petition, which did not

1 include the unexhausted claim and he did not claim his counsel was ineffective for
2 failing to include the claim). The record demonstrates that Jefferson, upon discovering
3 his appointed counsel omitted IAC claims from his post-conviction proceeding in the
4 lower court, tried to present them to the Nevada Supreme Court. In addition, Jefferson
5 can make a plausible argument that his state post-conviction counsel was ineffective by
6 failing to present any IAC claims other than the one premised on the alleged conflict of
7 interest.

With respect to the remaining *Rhines* factors, respondents offer no argument that either has not been met. Based on this court's review of the record, there is no indication that Jefferson has engaged in intentionally dilatory tactics. In addition, at least one of his unexhausted claims is not plainly meritless. Thus, the court will grant his request for a stay.

IV. *Respondents' motion to strike.*

Subsequent to the completion of briefing on respondents' motion to dismiss, Jefferson filed a "notice to present pertinent material," with which he asked the court "to observe Respondent's exhibit no. 105." ECF No. 29. In response, respondents filed a motion asking the court to either "strike the notice as a fugitive document" or permit the respondents an opportunity to file a sur-rebuttal. ECF No. 32.

The exhibit in question is the supplemental petition for writ of habeas corpus filed by Jefferson's post-conviction counsel. ECF No. 19-29. Because the exhibit was already part of the record and necessarily included in the court's exhaustion analysis, Jefferson's notice did not impact the court's decision on respondents' motion to dismiss. Accordingly, respondents' motion to strike or file a sur-rebuttal will be denied.

IT IS THEREFORE ORDERED that petitioner's motion for stay and abeyance (ECF No. 25) is GRANTED. This action is STAYED pending exhaustion of petitioner's unexhausted claims.

IT IS FURTHER ORDERED that the grant of a stay is conditioned upon petitioner further litigating his state post-conviction petition or other appropriate proceeding in state

court and returning to federal court with a motion to reopen within 45 days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

IT IS FURTHER ORDERED that respondents' motion to dismiss (ECF No. 16) is DENIED as moot and without prejudice.

IT IS FURTHER ORDERED that respondents' motion to strike (ECF No. 32) is DENIED.

IT IS FURTHER ORDERED that all pending motions for extension of time (ECF Nos. 6, 10, 15, 22, 24, and 27) are GRANTED *nunc pro tunc* as of their respective filing dates.

IT IS FURTHER ORDERED that petitioner's motion for entry of default (ECF No. 11) and motion for sanctions (ECF No. 13) are DENIED.

IT IS FURTHER ORDERED that the Clerk shall administratively close this action, until such time as the court grants a motion to reopen the matter.

DATED this 25th day of February, 2019.

_Howard D. McKibben_
UNITED STATES DISTRICT JUDGE