UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANDON M. JEFFERSON, | Case No. 3:18-cv-00064-HDM-CLB |
| Petitioner, | ORDER |
| v. | |
| PERRY RUSSELL, et al., | |
| Respondents. | |

This is a federal habeas proceeding under 28 U.S.C. § 2254 in which the petitioner, Brandon Jefferson, challenges his Nevada state convictions on three counts of sexual assault with a minor under the age of 14 and lewdness with a child under the age of 14. On December 28, 2020, respondents filed a motion to dismiss Jefferson's habeas petition arguing that three of the petition's five claims are procedurally defaulted. ECF No. 48. For reasons that follow, the motion is granted in part and denied in part.

I. **BACKGROUND**

The state district court entered Jefferson's judgment of conviction in October 2012. On direct appeal, the Nevada Supreme Court affirmed the judgment in July 2014. In October 2014, Jefferson filed a post-conviction petition for collateral review in the state district court that was denied. The Nevada Court of Appeals affirmed the lower court's decision in December 2017.

In February 2018, Jefferson initiated this federal habeas proceeding. Respondents filed a motion to dismiss in response to Jefferson's habeas petition, arguing that Jefferson had yet to exhaust state court remedies for Grounds 1, 3, 4, and

5. Jefferson opposed the motion but also asked this court to stay these proceedings to allow him the opportunity to exhaust his unexhausted claims.

The court agreed that Grounds 1, 3, 4, and 5 were unexhausted. Finding good cause, the court granted Jefferson's request for a stay and denied the motion to dismiss without prejudice. In April 2019, Jefferson filed a second post-conviction petition for collateral review in the state district court. The district court denied the petition, and, on appeal the Nevada Court of Appeals affirmed the denial, concluding that the petition was barred as untimely and successive under Nevada law.

This court then granted Jefferson's motion to re-open this case and permitted him to file an amended petition, which he did on October 26, 2020. In response to the amended petition, the respondents filed the motion to dismiss currently before the court for decision.

## II. DISCUSSION

Respondents argue that Grounds 1, 3, and 4 are procedurally defaulted because the Nevada courts denied the claims as untimely (Nev. Rev. Stat. § 34.726) and successive (Nev. Rev. Stat. § 34.810).

A federal court will not review a claim for habeas corpus relief if the decision of the state court denying the claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). The Court in *Coleman* stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id*. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

A state procedural bar is "independent" if the state court explicitly invokes the procedural rule as a separate basis for its decision. *McKenna v. McDaniel*, 65 F.3d

2

1483, 1488 (9th Cir. 1995). A state court's decision is not "independent" if the application of a state's default rule depends on a consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000). A state procedural rule is "adequate" if it is "clear, consistently applied, and well established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (citation and internal quotation marks omitted).

Jefferson presented Grounds 1, 3, and 4 in his April 2019 state habeas petition. ECF No. 49-1. In deciding Jefferson's appeal in that proceeding, the Nevada Court of Appeals concluded as follows:

> Jefferson claims the district court erred by concluding his second postconviction habeas petition was procedurally barred. However, his petition was untimely because it was filed more than four years after the remittitur on direct appeal was issued on August 26, 2014, *see* NRS 34.726(1), and it was successive because he had previously filed a postconviction petition for writ of habeas corpus that was decided on the merits, *see* NRS 34.810(2). Therefore, the district court did not err by concluding his petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3).

ECF No. 49-24 at 2-3 (footnotes omitted). The court rejected Jefferson's good cause and actual innocence arguments. *Id*. at 3-5.

Both Nev. Rev. Stat. § 34.726 and Nev. Rev. Stat. § 34.810 have been recognized as adequate procedural bars to federal review. *See Williams v. Filson*, 908 F.3d 546, 5577-80 (9th Cir. 2018) (§ 34.726); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003) (§ 34.810).

Jefferson contends the claims are not procedurally defaulted because he presented them in a pro se brief (ECF No. 20) he filed with the Nevada Supreme Court in his first state post-conviction proceeding. This court previously considered and rejected this argument when deciding whether Jefferson had exhausted state court remedies. ECF No. 34 at 3-4.

Jefferson further argues that the Nevada appellate courts' failure to recognize or consider the pro se brief undermines the independence and adequacy of the procedural bars because such failure was in violation state and federal law. A federal court is not

3

permitted, however, to re-examine a state court's application of state law. *See Wood v. Hall*, 130 F.3d 373, 379 (9th Cir. 1997). And the federal authorities Jefferson cites in claiming a violation of federal law are not on point.[1]

Because Jefferson defaulted Grounds 1, 3, and 4 in state court pursuant to an independent and adequate state procedural rule, the claims must be dismissed absent a showing of cause and prejudice or a fundamental miscarriage of justice. To show cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Jefferson suggests that his trial counsel's failure to appear at a calendar call demonstrates good cause for his procedural defaults. The court is unable to discern how this alleged failure prevented Jefferson from presenting Grounds 1, 3, and 4 in compliance with Nevada's procedural rules. In addition, it was not a factor external to the defense.

Jefferson also argues that he can demonstrate a fundamental miscarriage based on his claim of actual innocence. To establish actual innocence for this purpose, a petitioner must demonstrate that, "in light of all the evidence," "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327-328. (1995) (internal quotation omitted). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Id*. at 324.

---

[1] For example, Jefferson relies on *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), which addressed whether a prisoner's pro se § 1983 complaint met the liberal pleading standards set forth in Fed. R. Civ. P. 8(a)(2).

4

Jefferson's claim of actual innocence is based on two police reports that, according to him, would have impeached the testimony of a police detective who testified against him at trial and provided other exculpatory evidence. Having reviewed the reports (ECF No. 53 at 16-23), the court is not convinced the information they contain would have any impact on a reasonable juror in light of the complete record in Jefferson's case. *See Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011).

Finally, Jefferson contends the holding in *Martinez v. Ryan*, 566 U.S. 1 (2012), provides a means for him to overcome his procedural defaults. Under *Martinez*, a petitioner may obtain federal court review of his ineffective assistance of trial counsel claims if he can show that he received ineffective assistance of counsel in his initial state habeas proceeding. *See Martinez*, 566 U.S. at 9. The holding in *Martinez* does not, however, extend beyond claims of ineffective assistance of trial counsel. *See Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017) ("On its face, *Martinez* provides no support for extending its narrow exception to new categories of procedurally defaulted claims."). Thus, it could only serve as cause for Grounds 3 and 4.

The Supreme Court outlined the necessary *Martinez* circumstances as follows:

> [W]here (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (quoting *Martinez*, 566 U.S. at 14, 18).

Jefferson has arguably met two of the elements of *Martinez*. First, his state post-conviction petition was the initial proceeding regarding claims of ineffective assistance of trial counsel. Second, Nevada law requires that a claim of ineffective assistance of trial counsel be raised in a post-conviction habeas corpus petition. *See Gibbons v. State*, 634 P.2d 1214 (Nev. 1981).

Regarding the other two elements of *Martinez*, whether the claims of ineffective assistance of trial counsel are "substantial" and whether post-conviction counsel was

5

"ineffective," that analysis is intertwined with the merits of the claims. Deferring resolution of *Martinez* issues until after the filing of an answer and reply contingently addressing the claims on the merits gives the court the benefit of a full factual and legal presentation as to all relevant claims. That is the procedure the court will follow.[2]

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 48) is GRANTED in part and DENIED in part. Ground 1 is dismissed as procedurally defaulted. The court defers consideration of whether petitioner can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012), to overcome the procedural default of Grounds 3 and 4 until after the filing of an answer and reply in this action.

IT IS FURTHER ORDERED that, within 60 days of entry of this order, respondents must file an answer addressing the remaining claims in the petition on the merits and also addressing whether Grounds 3 and 4 are barred by procedural default under federal law. Petitioner shall have 45 days from service of the answer within which to file a reply.

IT IS FURTHER ORDERED that respondents' motion to seal (ECF No. 50) is GRANTED.

IT IS FURTHER ORDERED that petitioner's motion requesting a copy of respondents' motion to dismiss (ECF No. 52) is DENIED as moot because petitioner received a copy prior to filing his response.

DATED this 14th day of May, 2021.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Respondents argue *Martinez* is unavailing because Jefferson blamed appellate post-conviction counsel for the default while *Martinez* applies only to attorney error in the *initial* proceeding – in this case, the petition filed in the state district court. As noted in a previous order, however, Grounds 3 and 4 were not presented to the state district court in either petitioner's initial petition for writ of habeas corpus (ECF No. 19-23) or the supplemental petition filed by his appointed counsel (ECF No. 19-29). ECF No. 34 at 3.

6